UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **IRA RICHARDS** and **SPENCER WHITE**, individually, and on behalf of others similarly situated, | Case No.: |
| Plaintiffs, | Hon.: |
| vs. | Mag.: |
| **PERFORMANCE ONE SECURITY, LLC**, a limited liability company, **HENSON SECURITY SERVICES LLC**, a limited liability company, and **ROBERT HENSON JR.**, an individual, | |
| Defendants. | |

## <u>COLLECTIVE ACTION COMPLAINT AND JURY DEMAND</u>

Plaintiffs, IRA RICHARDS and SPENCER WHITE ("Plaintiffs"), hereby bring this Collective Action Complaint against Defendants, PERFORMANCE ONE SECURITY, LLC, HENSON SECURITY SERVICES LLC, and ROBERT HENSON JR. ("Defendants"), and state as follows:

1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) by Plaintiffs, individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.      Defendants are in the premier security services business, "provid[ing] the highest level of protection for business[es], assets, and most importantly [the business'] personnel."[1] These security services are offered for residential and commercial properties, executive travel protection,

---

[1] *See* https://www.performanceonesecurity.com/about (last visited August 8, 2022).

crisis responses, general surveillance, events, and more.[2] Defendants "aim to create the safest environments bringing [their] passion and skills to every company and individual in need."[3]

3.      In order to provide the aforementioned service, Defendants employ hourly, but sometimes salaried, non-exempt employees to provide security officer duties in the Fort Worth, Texas area.[4] These employees hold job titles that include, but are not limited to, security officer, lieutenant, operations manager, and staff sergeant. Defendants are "committed to continuous improvement while investing, training and developing [their] staff to ensure they are able to meet any service request."[5]

4.      In July 2008, the United States Department of Labor ("DOL") issued Fact Sheet #4 to alert individuals providing security officer services of some abuses that are prevalent in the industry.[6]

5.      One of those abuses, which is at issue in this case, is the employers' refusal to pay "one-half the regular rate of pay for hours worked in excess of 40 in the workweek." *Id.*

6.      Defendants violated the FLSA by knowingly suffering or permitting Plaintiffs and other employees performing security officer duties to work in excess of forty (40) hours in workweeks without paying overtime compensation at a rate of 1.5 times their "regular rate" at which they were employed, including bonuses, commissions, shift differentials and nondiscretionary incentive pay where applicable. 29 U.S.C. § 207.

7.      Defendants knew, or could have easily determined, that their employees were

---

[2] *See* https://www.performanceonesecurity.com/home (last visited August 8, 2022).
[3] *See* https://www.performanceonesecurity.com/about (last visited August 8, 2022).
[4] *See* https://www.performanceonesecurity.com/home (last visited August 8, 2022).
[5] *See* https://www.performanceonesecurity.com/about (last visited August 8, 2022).
[6] *See* DOL Fact Sheet #4: Security Guard/Maintenance Service Industry Under the Fair Labor Standards Act (FLSA), https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs4.pdf (last visited June 28, 2022).

legally entitled to overtime, but Defendants deliberately denied them of it and, thus, denied them of the protections of employees under the FLSA. Defendants' conduct in that regard amounts to a willful violation of the overtime provisions of the FLSA.

8.      Plaintiffs seek a declaration that their rights, and the rights of the putative Collective and Class members, were violated, a judgment awarding them unpaid back wages, liquidated damages, attorneys' fees and costs to make them and the putative Collective and Class whole for damages they suffered, and any other remedies to which they may be entitled, and to help ensure Defendants will not subject future workers to the same illegal conduct in the future.

9.      At the earliest time possible, Plaintiffs will request a Court-authorized notice of this action pursuant to 29 U.S.C. § 216(b) to all similarly situated employee who worked for Defendants at any time in the past three years.

## **JURISDICTION**

10.      This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim, pursuant to 28 U.S.C. § 1331, because Plaintiffs' claim raises a federal question under 29 U.S.C. § 201, *et seq.*

11.      Additionally, this Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

12.      Defendants' annual sales exceed $500,000, and Defendants employ more than two individuals; thus, the FLSA applies in this case on an enterprise basis. Defendants' security officers engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

13.     This Court has personal jurisdiction over Defendants because Defendants conduct business within the state of Texas, employ individuals within the state of Texas, and maintain their principal place of business in the state of Texas.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants employ non-exempt employees in this district, conduct business in this district, and the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this district.

## PARTIES

15.     Plaintiff Ira Richards is a resident of Arlington, Texas and has worked for Defendants as an hourly, non-exempt security officer from approximately October 2001 through the present. Defendants have compensated Plaintiff Richards through the payment of an hourly rate, most recently $18.00 per hour. Plaintiff Richards signed a consent to join this collective action, which is attached as **Exhibit A**.

16.     Plaintiff Spencer White is a resident of Arlington, Texas and worked for Defendants as an hourly, non-exempt security officer from approximately September 2019 through June 2021. From approximately June 2021 through December 31, 2021, Plaintiff White continued to perform security officer duties in his role as a lieutenant. Defendants compensated Plaintiff White for his security officer responsibilities through the payment of an hourly rate, most recently $20.00 per hour. Plaintiff White signed a consent to join this collective action, which is attached as **Exhibit B.**

17.     During the past three years, additional Opt-in Plaintiffs were or are employed by Defendants as individuals performing security officer job duties and their consent forms will also be filed in this case.

18.     Defendant Performance One Security, LLC was a limited liability company (File

4

No. 0803062218) headquartered in Arlington, Texas and had a registered agent for service of process listed as Carter L. Tillman, 1308 Claiborne Lane, Aledo, Texas 76008. In or around September 2020, Defendant Performance One Security, LLC was voluntarily dissolved.

19.    Upon the dissolution of Defendant Performance One Security, LLC, Defendant Henson Security Services LLC acquired the business operations and employees of Performance One Security, LLC.

20.    Defendant Henson Security Services LLC is a limited liability company (File No. 0803885538) headquartered in Arlington, Texas and with a registered agent for service of process listed as Christy Dang CPA PLLC, 2888 Medlin Drive, Arlington, Texas 76015. Defendant Henson Security Services LLC is the successor for Defendant Performance One Security, LLC.

21.    Defendant Robert Henson Jr. is the managing member of Defendant Henson Security Services LLC. Upon information and belief, Defendant Robert Henson Jr. resides at 1610 Barkley Drive, Hamilton, Texas 76531.

22.    At all relevant times, Defendant Henson Jr. possessed the power and authority to set and enforce, and/or delegate others with the power and authority to set and enforce, employment practices and policies, including, but not limited to, hiring and firing employees, supervising and controlling employee work schedules and/or conditions of employment, determining the rates and/or methods of payment of wages, maintaining employment records, and other employment practices and policies that directly and indirectly affect Defendants' employees performing security officer duties. As a result of his involvement in the management of Defendant Henson Security Services LLC, Defendant Robert Henson Jr. was aware of the wage and hour violations described herein.

23.    At all relevant times, Defendants were a common enterprise and "joint "employers"

of Plaintiffs and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

## **GENERAL ALLEGATIONS**

A. **Defendants Failed to Pay Plaintiffs and their Employees Carrying Out Security Officer Duties Overtime Wages in Violation of the FLSA**

24.     Plaintiffs worked as employees for Defendants and were tasked with security officer job responsibilities within the last three (3) years.

25.     Throughout Plaintiffs' employment with Defendants, Plaintiffs routinely worked more than forty (40) hours in a given workweek.

26.     Defendants paid employees performing security officer job duties hourly rates in the range of approximately $15.00 to $20.00.

27.     Once hired, Defendants provided their employees carrying out security officer job duties with continued training and development to ensure they were able to meet all service requests. Defendants also provided these employees with weekly schedules outlining their assignments.

28.     Plaintiffs carried out their security officer job duties and responsibilities. More specifically, Plaintiffs provided protection to, and created a safe environment for, Defendants' various customers, for example in a hospital emergency room.

29.     Defendants maintained a policy and procedure pursuant to which they paid Plaintiffs and other employees working as security officers at their hourly rate for all hours worked, regardless of whether the hours worked were in excess of forty (40) each week. Defendants regularly failed to pay Plaintiffs overtime at the rate of 1.5 times their regular rate of pay.

30.     As non-exempt employees, however, Plaintiffs and similarly situated individuals were entitled to full compensation for all overtime hours worked. Under the FLSA, employees are

entitled to "not less than one and one-half times the regular rate" at which they are employed for work in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1).

31.     On January 13, 2022, Plaintiff Richards' spouse inquired about Defendants' failure to pay overtime. Chief Lawrence Fuentes advised her of Defendants' "no over time [*sic*] policy[,]" about which all security officers were allegedly told, and that Defendants' failure to pay overtime was how Defendants were able to pay a higher base hourly rate than other companies.

32.     Plaintiff White also made numerous complaints to Defendants throughout his employment. More specifically, Plaintiff White confronted Defendant Robert Henson, Jr. about not being paid overtime for hours worked in excess of forty (40) in a workweek when he provided security officer duties. Defendant Henson, Jr. would at times become angry by the question and state, "We don't have enough money for that" or "I'm paying more than industry standard for these guards, they're fine." Other times, when Plaintiff White asked whether security officers are paid overtime, Defendant Henson Jr. bluntly said "No" or avoided the question in its entirety.

33.     By failing to pay Plaintiffs and other employees working as security officers overtime for all hours worked in excess of forty (40) in a week, Defendants unquestionably violated the FLSA.

**B. <u>Defendants Directly Benefitted from Plaintiffs' Uncompensated Overtime Work and Permitted it to Happen</u>**

34.     At all relevant times, Defendants controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of Plaintiffs and their employees.

35.     Defendants expressly trained, instructed, and permitted Plaintiffs and other similarly situated employees to perform more than forty (40) hours of security officer work during numerous individual workweeks. For example, on at least one occasion, Plaintiff White worked as a security officer at the same post six (6) days a week for twelve (12) hour shifts; Defendants paid

him his regular rate for all seventy-two (72) hours.

36.     At all relevant times, Defendants directly benefitted from the security officer work performed by Plaintiffs and other employees.

37.     At all relevant times, Defendants used their compensation policies against Plaintiffs and all similarly situated employees by failing to pay them overtime premium compensation when they worked beyond forty (40) hours in a workweek.

38.     At all relevant times, Defendants were able to, and did, track the amount of time Plaintiffs and other similarly situated employees spent in connection with the performance of their security officer work. However, Defendants failed to compensate them at a rate of 1.5 times their regular rate for all hours worked in excess of forty (40) each week.

39.     At all relevant times, Plaintiffs and the other similarly situated employees were non-exempt employees, subject to the requirements of the FLSA.

40.     Defendants knew or should have known that their employees working as security officers were individuals protected by the FLSA. Indeed, given the DOL Fact Sheet #4, there is no conceivable way for Defendants to establish that their failure to pay overtime wages was in good faith.

41.     Despite knowing Plaintiffs and other similarly situated employees performed more than forty (40) hours of security officer work in numerous individual workweeks, Defendants failed to make any effort to stop or disallow the unpaid overtime work and instead suffered and permitted it to happen.

**C.  Exemplary Workweeks**

42.      Defendants paid their employees performing security officer job duties on a weekly basis. As an example of three (3) pay periods where Defendants failed to pay Plaintiff

Richards overtime for hours worked in excess of forty (40) hours (as mandated by the FLSA), Plaintiff Richards provides his paystubs for the pay periods of December 12 –18, 2021, December 26, 2021 – January 1, 2022, and January 16 – 22, 2022:

**December 12 –18, 2021 Pay Period and**
**December 26, 2021 – January 1, 2022 Pay Period**

- Plaintiff worked 45 hours in these pay periods at a rate of $18.00 per hour, and was paid $18.00 per hour for all 45 hours in each workweek.

- With 5 hours of overtime worked in each pay period, Plaintiff should have been paid at his overtime rate of $27.00 for each hour worked in excess of 40.

**Exhibit C**, Richards December 12 – 18, 2021 Pay Statement; **Exhibit D**, Richards December 26 – January 1, 2022 Pay Statement.

**January 16 – 22, 2022 Pay Period**

- Plaintiff worked 48 hours in this pay period at a rate of $18.00 per hour, and was paid $18.00 per hour for all 48 hours.

- With 8 hours of overtime worked, Plaintiff should have been paid at his overtime rate of $27.00 for each hour worked in excess of 40.

**Exhibit E**, Richards January 16 – 22, 2022 Pay Statement.

43.     The above offered pay statements are representative (the same) of those Plaintiffs received from Defendant Performance One Security, LLC, and the only meaningful difference was the employer's name on the statement.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of themselves and on behalf of:

> *All current and former employees who performed security officer job duties for Defendants at any time during the three years preceding the date of an order from this Court granting conditional certification up through and including judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this definition if necessary.

45.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

46.    Excluded from the proposed FLSA Collective are Defendants' exempt executives, administrative and professional employees, including computer professionals and outside salespersons.

47.    Consistent with Defendants' policies and practice, Plaintiffs and the proposed FLSA Collective were not paid for all premium overtime compensation when they worked beyond forty (40) hours in a workweek.

48.    All of the work Plaintiffs and the proposed FLSA Collective performed was assigned by Defendants, and/or Defendants were aware of all of the work the Plaintiffs and the proposed FLSA Collective performed.

49.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to: willfully failing to pay their employees, including Plaintiffs and the members of the FLSA Collective, for all premium overtime wages for hours that they worked off-the-clock in excess of forty (40) hours per workweek.

50.    Defendants are aware, or should have been aware, that federal law requires them to pay Plaintiffs and the proposed FLSA Collective members an overtime premium for all hours worked in excess of forty (40) per workweek.

51.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

52.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

53.     The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name and rate of pay. The key issues – the amount of uncompensated overtime owed to each employee – does not vary substantially among the proposed FLSA Collective members.

54.     Upon information and belief, there are many similarly situated current and former security officers who have been underpaid in violation of the FLSA. They would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join.

55.     Plaintiffs estimate the FLSA Collective, including both current and former CSRs over the relevant period, includes hundreds of members. The precise number should be readily available from a review of Defendants' personnel and payroll records.

56.     All of the estimations discussed herein will be refined after class discovery is completed.

57.     The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FLSA COLLECTIVE ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

58.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

59.     At all times relevant to this action, Defendants have been subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

60.     At all times relevant to this action, Defendants have been engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

61.     At all times relevant to this action, Plaintiffs were "employee[s]" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

62.     At all relevant times, Defendants jointly employed Plaintiffs and all other members of the FLSA Collective within the meaning of the FLSA.

63.     Plaintiffs and other FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

64.     Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

65.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

66.     At all times relevant to this action, Defendants required Plaintiffs and all the proposed FLSA Collective members to perform work in excess of forty (40) hours in any given workweek, and Defendants failed to pay these employees the federally mandated overtime compensation for all work performed.

67.     The work performed every shift by Plaintiffs and the proposed FLSA Collective

12

was an essential part of their jobs and these activities.

68.    In workweeks where Plaintiffs and other FLSA Collective members worked forty (40) hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage, including shift differential where applicable. 29 U.S.C. § 207.

69.    Defendants' violations of the FLSA have been knowing and willful. Defendants have known or could have determined how many overtime hours their security officers were working in any given workweek. Further, Defendants could have easily accounted for and properly compensated Plaintiffs and the proposed FLSA Collective members in accordance with the FLSA's overtime mandates, but did not.

70.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request the following relief:

a.    An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

b.    An Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all proposed FLSA Collective members, and authorizing Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c.    An Order designating the Plaintiffs as representatives of the FLSA Collective and undersigned counsel as Class counsel for the same;

d.    An Order declaring Defendants violated the FLSA and the Department of Labor's

attendant regulations as cited herein;

e.      An Order declaring Defendants' violations of the FLSA were willful;

f.      An Order granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs and the FLSA Collective the full amount of damages and liquidated damages available by law;

g.      An Order awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

h.      An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

i.      An Order awarding such other and further relief as this Court deems appropriate.

Dated: August 12, 2022.          Respectfully Submitted,

*/s/* Robert W. Buchholz
Robert W. Buchholz (Co-Attorney in Charge)
Texas Bar No. 03290600
Robert W. Buchholz, P.C.
5220 Spring Valley Rd., Ste. 618
Dallas, Texas 75254-2431
214.754.5500
bob@attorneybob.com

Jesse L. Young (*pro hac vice* forthcoming)
Alana Karbal (*pro hac vice* forthcoming)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
jyoung@sommerspc.com
akarbal@sommerspc.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs, IRA RICHARDS and SPENCER WHITE, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: August 12, 2022.              Respectfully Submitted,

*/s/* Robert W. Buchholz
Robert W. Buchholz (Co-Attorney in Charge)
Texas Bar No. 03290600
Robert W. Buchholz, P.C.
5220 Spring Valley Rd., Ste. 618
Dallas, Texas 75254-2431
214.754.5500
bob@attorneybob.com

Jesse L. Young (*pro hac vice* forthcoming)
Alana Karbal (*pro hac vice* forthcoming)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
jyoung@sommerspc.com
akarbal@sommerspc.com

*Counsel for Plaintiffs*